UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-00721 MEMF (ADS)                    Date:  April 17, 2026

Title:  *Carmela Mendoza Castellon, et al. v. James Janecka, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|              Kristee Hopkins              |              None Reported              |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):          Attorney(s) Present for Respondent(s):
                 None Present                                          None Present

**Proceedings:        (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING JOINDER OF PETITIONERS**

Petitioners Carmela Mendoza Castellon, Chunyan Wang, Ermei Bo, and Jinying Wu filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition").  (Dkt. No. 1.)  Respondents filed an Answer.  (Dkt. No. 6.)  In the Answer, Respondents contend Petitioners do not share a legal issue.  (Id.)

Federal Rule of Civil Procedure 20(a)(1) allows persons to join in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (B) "any question of law or fact common to all plaintiffs will arise in the action."  "Even once [the Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side."  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (citation omitted).

Under Rule 20(b), the district court may sever claims or parties to avoid prejudice.  In addition, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" and "sever any claim against a party."  Fed. R. Civ. P. 21.

Here, it is not clear if Petitioners share a common question of law or fact.  Though Petitioners argue their detention is subject to 8 U.S.C. § 1226(a), Respondents

---

CV-90 (03/15) – SP                    Civil Minutes – General                    Page **1** of **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-00721 MEMF (ADS)                     Date:  April 17, 2026

Title:  *Carmela Mendoza Castellon, et al. v. James Janecka, et al.*

take a different position as to each Petitioner.  As to Petitioner Carmela Mendoza Castellon, Respondents argue she is subject to a final order of removal.  (Dkt. No. 6 at 2.)  As to Petitioner Chunyan Wang, Respondents argue she is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).  (Id. at 2-3.)  As to Petitioner Ermei Bo, Respondents "are not presenting an opposition argument."  (Id. at 3.)  As to Petitioner Jingyu Wu, Respondents argue the Court lacks jurisdiction to review his custody determination and bond orders.  (Id. at 3-4.)

Accordingly, Petitioners are ordered to show cause by no later than April 24, 2026 why the Court should not sever Petitioners' claims into separate habeas petitions.  In lieu of a written response, Petitioners may file an amended Petition in the name of only one Petitioner.  Each Petitioner may initiate his or her own individual action.

**IT IS SO ORDERED.**

Initials of Clerk <u>kh</u>

---